NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLAS GUZMAN-RODRIGUEZ,

No. 21-70717

Petitioner,

Agency No. A213-088-536

v.

PAMELA BONDI, Attorney General,

MEMORANDUM[*]

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 27, 2026[**]
San Francisco, California

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Petitioner Blas Guzman-Rodriguez is a native and citizen of Mexico. He

seeks review of the agency's[1] denial of cancellation of removal on the ground that

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] For simplicity, we refer to the Board of Immigration Appeals (BIA) and the Immigration Judge (IJ) collectively as "the agency."

he failed to show that his "removal would result in exceptional and extremely unusual hardship" to his two United States citizen children. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *see Wilkinson v. Garland*, 601 U.S. 209, 217 (2024), and deny the petition.

We review the agency's hardship determination under the "highly deferential" substantial evidence standard. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025). Under this standard, the agency's hardship determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). "[T]he hardship must be out of the ordinary and exceedingly uncommon." *Id.* at 1006.

Petitioner's children, ages fifteen and ten at the time of the 2018 merits hearing before the IJ, have no health issues. If Petitioner were removed, his children would stay in the United States with their mother, who is Petitioner's common law wife. Although their mother has no immigration status in the United States, she is employed, and the children have other relatives living in the United States. Petitioner testified that if he were removed, his children would suffer both emotionally and financially. The agency reasonably concluded that this evidence failed to show that Petitioner's removal would result in "substantially greater [hardship] than that which would occur in similar cases where a family member departs the country." Petitioner points to no evidence in the record that would

2

compel a contrary conclusion.

Finally, Petitioner's contention that the agency disregarded certain evidence is belied by the record. The agency expressly acknowledged the children's ages and that their mother is without legal immigration status. And although the agency did not specifically mention a connection between Petitioner's employment and his children's enrollment in school, the agency observed that they attended school at Saint Augustine and Sherman and that Petitioner's removal would cause general financial hardship and could impact his children's "standard of comfort and support." This was sufficient to show that the agency considered the impact of Petitioner's removal on his children's private education. *See id.* at 1008 (explaining that the agency need not discuss every piece of evidence); *see also Cruz v. Bondi*, 146 F.4th 730, 739 (9th Cir. 2025) ("We have long recognized a presumption that the agency reviewed all relevant evidence submitted to it.").

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied. Dkt. No. 1.